**Evelien TEDJA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–73954.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, John S. Hogan, Esq., Se-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

attle, WA, DOJ–U.S. Department of Justice, Civil Div. Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Evelien Tedja, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003), and we review due process claims de novo, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The BIA did not abuse its discretion in denying Tedja's motion to reopen because it was untimely and Tedja failed to present material evidence of changed circumstances. *See* 8 C.F.R. § 1003.2(c)(2); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

Tedja also contends the BIA violated due process because it did not allow her to present evidence of changed circumstances in an evidentiary hearing. Because the BIA did not abuse its discretion in denying the motion to reopen, her due process

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

contention fails. *See* 8 U.S.C. § 1229a(c)(7) (stating that motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (holding petitioner must demonstrate error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.